Filed 10/7/21  P. v. Addleman CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307460 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA111467) |
| v. | |
| CLAYTON RUBEN ADDLEMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted appellant Clayton Ruben Addleman of numerous crimes and found true a firearm enhancement allegation under Penal Code section 12022.53.[1]  We affirmed appellant's convictions on appeal, but remanded the matter to permit the trial court to consider exercising its newly granted discretion to strike the enhancement under Senate Bill No. 620 (Stats. 2017, ch. 682, §2).  On remand, the court declined to strike the enhancement.  In this appeal, appellant contends the court abused its discretion because it was unaware it could consider his post-judgment conduct.  Because the trial court was aware it could consider, and did consider, appellant's post-judgment conduct, we affirm.

# BACKGROUND

*A. Appellant's Conviction and the Prior Appeal*

In 2017, a jury found appellant guilty of numerous crimes -- including attempted murder, first-degree residential robbery, and multiple counts of first-degree burglary -- committed during a 48-hour crime spree in 2015.  As relevant here, the jury additionally found true the sentence enhancement allegation that appellant personally and intentionally discharged a firearm in committing the attempted murder (§ 12022.53, subd. (c)).  The trial court sentenced appellant to life in prison plus consecutive terms

---

[1]     Undesignated statutory references are to the Penal Code.

totaling 26 years, including 20 years for the firearm enhancement.

At the time of sentencing, former section 12022.53 precluded the trial court from striking appellant's firearm enhancement. (See former § 12022.53, subd. (h).) In appellant's initial appeal, we affirmed his conviction but remanded the matter for the trial court to consider exercising its newly granted discretion to strike the enhancement under Senate Bill No. 620, which removed the prior prohibition. (*People v. Addleman* (Feb. 18, 2020, B285290) 2020 Cal.App.Unpub. LEXIS 1107, at *45-*46.)[2]

### B. Remand Proceedings

On remand, appellant moved to strike the firearm enhancement. In support of his motion, appellant submitted a letter from his mother listing his achievements while incarcerated. This letter noted that appellant had completed community college classes and earned good grades, received positive write-ups from prison officers about his good behavior, donated to charity, and was a member of BABY (Brother Against Banging Youth) and ARC (the Anti-Recidivism Coalition).

At the hearing on appellant's motion, the trial court noted it had "read and considered [the motion] along with the attachments . . ." and invited argument from counsel.

---

[2] We grant appellant's request for judicial notice of the record in the prior appeal.

Appellant's counsel contended that appellant had earned the right to a lighter sentence: "[H]e's not the same person who committed these serious crimes. He's transformed into a different person. . . . He's taken major steps towards rehabilitation." Counsel detailed appellant's positive activities and accomplishments during his incarceration and described appellant as a model prisoner. Opposing appellant's motion, the prosecutor argued that although appellant had "received education" while incarcerated, this did not "alleviate" appellant's conduct at the time of the crimes. She asserted appellant "remain[ed] a danger to the community . . . ."

Following argument, the court summarized appellant's current offenses and his criminal history and said that after giving the matter "a lot of thought," it could not avoid the conclusion that appellant posed "a significant danger to society." Addressing appellant's post-judgment conduct, the court stated, "I hope that [appellant's] progress in prison continues -- if that's demonstrated, perhaps the Department of Corrections can initiate a resentencing in the future." The court explained that the California Department of Corrections and Rehabilitation (CDCR) and other agencies were authorized to initiate consideration of a defendant's resentencing,[3] and continued: "[I]f [appellant] progresses as

---

[3] Under section 1170, subdivision (d)(1), on the recommendation of certain agencies, the court may, at any time, recall a sentence and resentence the defendant. (*Ibid.*)

he has and continues, I would hope that the [CDCR] would consider initiating a motion for a reconsideration of sentencing. But until that time, the court is denying the motion to strike the [enhancement] . . . ." Appellant timely appealed.

## DISCUSSION

Appellant argues the court abused its discretion in denying his motion to strike the firearm enhancement because it was unaware that it could consider his post-judgment conduct and thus failed to consider it in making its ruling. (See *People v. Yanaga* (2020) 58 Cal.App.5th 619, 625 [court's belief that it could not consider defendant's post-judgment conduct at resentencing was prejudicial error].) We disagree.

"In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.'" (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) Rather than rebut this presumption, the record shows the trial court was aware it could consider, and did consider, appellant's post-judgment conduct. With his motion to strike the firearm enhancement, appellant submitted a letter from his mother, detailing his achievements while incarcerated. At the hearing, the trial court stated it had "read and considered" the attachments to appellant's motion, which included that letter. The court then heard argument by appellant's counsel, who focused on appellant's post-judgment conduct, detailing appellant's progress during

5

his incarceration and asserting that appellant was a model prisoner who had transformed himself.  The prosecutor, in her argument, did not dispute that appellant's conduct during his incarceration was relevant to the current proceeding; rather, she argued that this subsequent conduct did not "alleviate" his conduct at the time of the crimes, and maintained he "remain[ed] a danger to the community . . . ." (See *People v. Flores* (2021) 63 Cal.App.5th 368, 377 (*Flores*) [in deciding whether to strike enhancement, court must consider, inter alia, whether "'"[t]he defendant has engaged in violent conduct that indicates a serious danger to society"'"].)

Following counsel's argument, the court expressly recognized appellant's positive post-judgment conduct: before announcing its decision to deny appellant's motion, the court twice noted his progress in prison, expressing hope that if appellant's progress "continue[d]," the CDCR would consider recommending his resentencing.  But after giving the matter "a lot of thought," the court determined that appellant posed "a significant danger to society." Accordingly, the court was under no illusion that it was precluded from considering appellant's post-judgment conduct.  It simply concluded that appellant's progress in prison to date, while promising, did not sufficiently lessen

the danger he posed to society to justify striking the enhancement.[4]  (See *Flores*, *supra*, 63 Cal.App.5th at 377.)

Misconstruing the record, appellant asserts the trial court expressed hope that the CDCR would recommend his resentencing based on his current post-judgment conduct, thus establishing that the court was unaware of its power to consider that conduct in the current proceeding.  As noted, however, the court suggested only that appellant might deserve a more lenient sentence *if* his progress "continue[d]."  The court was thus clear that appellant's progress to date did not warrant a lighter sentence.  Appellant does not contend this conclusion was an abuse of discretion.

---

[4]    Appellant does not contest the merits of the court's determination that he posed "a significant danger to society."

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

8